# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 3:16-cr-57-J-32PDB

MAURICE MITCHELL                                ORDER ON MOTION FOR
                                                SENTENCE REDUCTION UNDER
                                                18 U.S.C. § 3582(c)(1)(A)

_____

# O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for

a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the

applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy

statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Maurice Mitchell is a 36-year-old inmate incarcerated at Lompoc

FCI, serving a 120-month term of imprisonment for possession of a firearm by a

convicted felon. (Doc. 82, Judgment). According to the Bureau of Prisons (BOP), he is

scheduled to be released from prison on December 8, 2024. Defendant seeks

compassionate release because of the severity of the Covid-19 outbreak at his facility,

because his prison does not provide for adequate social distancing or ventilation, and

because he claims to have bronchitis. (Doc. 106, Pro Se Motion for Compassionate

Release; see also Doc. 112, Pro Se Supplement).

The United States has responded in opposition. (Doc. 107, Response). The Court appointed counsel to file a supplemental motion on Defendant's behalf (Doc. 109), after which counsel moved to hold the case in abeyance while he exhausted Defendant's administrative remedies and obtained additional records (Docs. 110, 111). Defendant, through counsel, now "believes that he has exhausted his administrative remedies" and has filed a Supplement to Defendant's Motion for Compassionate Release. (Doc. 113 at ¶ 5; see also Doc. 113-1 through 113-4, Exhibits).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). Although Covid-19 is a serious pandemic, Defendant is 36 years old and he has "no history of serious illnesses" according to his 2017 Presentence Investigation Report (PSR). (Doc. 78 at ¶ 78). Defendant asserts "that he was diagnosed with asthma as a child and, to this day, reports routinely experiencing shortness of breath and chronic bronchitis." (Doc.

113 at ¶ 10). However, Defendant fails to cite where in the 238 pages of attached medical records (Doc. 113-4) the Court can find support for these assertions. The Court's independent review of the records reveals that Defendant does indeed suffer from asthma, for which he is treated with an inhaler (see, e.g., id. at 1, 29, 36, 37, 52, 81, 83), but it could find no support for a current diagnosis of chronic bronchitis. According to the Centers for Disease Control (CDC), those who have moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk for severe infection.[1] However, Defendant fails to point to anything in the medical records showing that his asthma falls into the moderate-to-severe category.

Defendant also submits two reports that are critical of FCI Lompoc's handling of the Covid-19 pandemic. (Doc. 113-2, Report of Dr. Homer Venters; Doc. 113-3, Department of Justice, Office of Inspector General Report ["OIG Report"]). The reports were prompted by the fact that, during the early months of the pandemic, FCI Lompoc had one of the worst Covid-19 outbreaks of any BOP facility. The reports indicated that FCI Lompoc was unprepared for the novel coronavirus due to staffing shortages, insufficient screening, inadequate leadership, and a lack of personal protective equipment (PPE). However, if FCI Lompoc's handling of the Covid-19 crisis was wanting, the remedy is not necessarily to grant compassionate release to any given inmate at the facility. Otherwise, all 947 of the facility's current inmates would

---

[1]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

be eligible for a sentence reduction. Rather, the first remedy is to improve conditions at FCI Lompoc, which presumably was the goal of the OIG Report. The outbreak of Covid-19 at FCI Lompoc, by itself, cannot qualify as an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A).[2]  In any event, recent statistics suggest that FCI Lompoc has gained control over the outbreak. According to the BOP's latest data, zero inmates and zero staff are currently positive for Covid-19.[3]

Defendant urges the Court to follow the decision in United States v. Henry Bernard Young, No. 3:19-cr-5055, 2020 WL 2614745 (W.D. Wash. May 22, 2020), in which the district court granted compassionate release to an inmate incarcerated at FCI Lompoc. However, Defendant's case is distinguishable from Young. For one, when the district court made its decision in Young, FCI Lompoc was in the midst of an outbreak that saw over 70% of its inmates infected with Covid-19. Id. at *3. Second, as the district court noted, "Young [was] a 64-year old African-American who suffers from hypertension and chronic kidney disease." Id. According to the CDC, advanced age and chronic kidney disease are both circumstances known to increase the risk of serious illness from Covid-19. Defendant's case is different. First, as noted

---

[2]     The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United States v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

[3]     https://www.bop.gov/coronavirus/. Last accessed on December 4, 2020. In addition, two inmates at FCI Lompoc have passed away from Covid-19, and 694 inmates and 19 staff members have recovered.

above, the outbreak at FCI Lompoc has been contained. Second, Defendant is 36 years old and in relatively good health. As such, <u>Young</u> does not compel granting Defendant compassionate release.

Finally, even if Defendant had demonstrated extraordinary and compelling circumstances, the sentencing factors under 18 U.S.C. § 3553(a) would not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). A jury found Defendant guilty of possession of a firearm by a convicted felon. The evidence at trial established that Defendant was found in possession of a gun after he led police on a high speed chase, wrecked his car, and attempted to flee the vehicle. <u>United States v. Mitchell</u>, 741 F. App'x 771, 773 (11th Cir.), <u>cert. denied,</u> 139 S. Ct. 282, 202 L. Ed. 2d 186 (2018). Defendant's advisory guideline range was 151 to 188 months in prison, based on a total offense level of 32 and a Criminal History Category of III. (Doc. 78 at ¶ 98). However, the statutory maximum sentence was 120 months in prison, which became the applicable guideline range. (<u>Id.</u>; <u>see also</u> Doc. 83, Statement of Reasons). Defendant received several guideline enhancements, including one for obstruction of justice because he tried to pay a juvenile to tell police that the firearm was not his and because he tried to intimidate a witness. (Doc. 78 at ¶¶ 17–20, 27). Compounding matters, Defendant had a lengthy history of arrests and convictions preceding this offense. (<u>Id.</u> at ¶¶ 33–69). Defendant's adult criminal history included prior convictions for the sale or delivery of cocaine, assaulting an inmate, and the sale, delivery, or purchase of cocaine within 1,000 feet of a church or convenience business. (<u>Id.</u> at ¶¶ 43, 44, 51). Indeed, at sentencing, the Court stated that even if any of its

guideline rulings were in error, it would have found a sentence of 120 months to be appropriate under the § 3553(a) factors. (Doc. 95, Sentencing Transcript at 86).

To date, Defendant has served less than half of his 120-month term of imprisonment. According to the BOP, he has four years remaining on his sentence accounting for good time credits. The Court commends Defendant for making efforts at rehabilitation while in prison. However, in view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 106), as supplemented (Docs. 112, 113), is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of December, 2020.

_Timothy J. Corrigan_
TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant